# EXHIBIT "A'

Assign.. .. Judicial Officer_____ Bret D. Hillman

For All Purposes

1  Derek P. Wisehart, Esq. #178100
   Law Offices of Derek P. Wisehart
2  2330 W. Main Street
   Visalia, California 93291
3  Telephone:   (559) 636-9473
   Facsimile:   (559) 636-9476
4  Email:       derek@dwisehartlaw.com

5  John K. Jackson, Esq. #172544
   Law Office of John K. Jackson
6  900 W. Main Street
   Visalia, CA 93291
7  Telephone:   (559) 713-1000
   Facsimile:   (559) 713-1422
8  Email:       johnjacksonlaw@hotmail.com

9

10 Attorneys for Plaintiffs,
   JRYDEN LUKE FARRELL GARCIA, a minor, by and through his Guardian
   Ad Litem, AMY SMITH, JESSE GARCIA, and
11 MONICA GARCIA

**FILED**
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

NOV 30 2023

STEPHANIE CAMERON, CLERK
BY: Vanessa Mesquela

CASE MANAGEMENT CONFERENCE

Hearing Date:   4/2/24
Time:           8:30AM
Department:     7

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                          COUNTY OF TULARE

14                                          = 303817

15 JRYDEN LUKE FARRELL GARCIA, a       Case No.
   minor, by and through his Guardian Ad Litem,
16 AMY SMITH;                          **COMPLAINT FOR DAMAGES:**
   JESSE GARCIA, SR.; and
17 MONICA GARCIA;                      1.) **Fourth Amendment-Detention and
                                           Arrest (42 U.S.C. §1983);**
18              Plaintiffs,            2.) **Fourth Amendment-Excessive Force
                                           (42 U.S.C. §1983);**
19 vs.                                 3.) **Fourth Amendment-Denial of Medical
                                           Care (42 U.S.C. §1983);**
20 COUNTY OF TULARE;                   4.) **Substantive Due Process (42 U.S.C.
   CITY OF TULARE;                         §1983);**
21 DEPUTY TIMOTHY HOLDBROOK,           5.) **Municipality Liability-Ratification
   individually and in his official capacity as a     (42 U.S.C. §1983);**
22 Deputy Sheriff for the Tulare County Sheriff's  6.) **Municipal Liability-Inadequate
   Office;                                Training (42 U.S.C. §1983);**
23 DEPUTY ERIK OSUNA, individually and in  7.) **Municipal Liability-Unconstitutional
   his official capacity as a Deputy Sheriff for the   Custom, Practice, or Policy (42 U.S.C.
24 Tulare County Sheriff's Office;         §1983);**
   DEPUTY MONIQUE MENDOZA,            8.) **False Arrest/False Imprisonment**
25 individually and in her official capacity as a  9.) **Assault**
   Deputy Sheriff for the Tulare County Sheriff's 10.) **Battery (Wrongful Death)**
26 Office;                            11.) **Negligence (Wrongful Death)**
   CORPORAL VINCENT MEDINA,          12.) **Violation of Cal. Civil Code §52.1**
27 individually and in his official capacity as a
   Police Officer for the Tulare Police

28

---

**COMPLAINT FOR DAMAGES**

1 | Department;
OFFICER MARISSA BOLANOS,
2 | individually and in her official capacity as a
Police Officer for the Tulare Police
3 | Department;
OFFICER ANDREA MERCADO,
4 | individually and in her official capacity as a
Police Officer for the Tulare Police
5 | Department;
OFFICER ALEXIS MACIAS, individually
6 | and in her official capacity as a Police Officer
7 | for the Tulare Police Department;
OFFICER JUSTIN HAMPTON, individually
8 | and in his official capacity as a Police Officer
for the Tulare Police Department;
9 | OFFICER DANIEL GREWE, individually
10 | and in his official capacity as a Police Officer
for the Tulare Police Department;
11 | JESSE JAKIN GARCIA, a minor, named
herein as a Nominal Defendant; and
12 | DOES 1 through 100, inclusive,

13 |                    Defendants.

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs, JRYDEN LUKE FARRELL GARCIA, a minor, by and

through his Guardian Ad Litem, AMY SMITH, JESSE GARCIA, SR. and MONICA

GARCIA, individually and as successors-in-interest to Jesse Garcia, Jr., deceased, for their

Complaint for damages against Defendants, COUNTY OF TULARE; CITY OF TULARE;

DEPUTY TIMOTHY HOLDBROOK, individually and in his official capacity as a Deputy

Sheriff for the Tulare County Sheriff's Office; DEPUTY ERIK OSUNA, individually and in

his official capacity as a Deputy Sheriff for the Tulare County Sheriff's Office; DEPUTY

MONIQUE MENDOZA, individually and in her official capacity as a Deputy Sheriff for the

Tulare County Sheriff's Office; CORPORAL VINCENT MEDINA, individually and in his

---

2
COMPLAINT FOR DAMAGES

official capacity as a Police Officer for the Tulare Police Department; OFFICER MARISSA BOLANOS, individually and in her official capacity as a Police Officer for the Tulare Police Department; OFFICER ANDREA MERCADO, individually and in her official capacity as a Police Officer for the Tulare Police Department; OFFICER ALEXIS MACIAS, individually and in her official capacity as a Police Officer for the Tulare Police Department; OFFICER JUSTIN HAMPTON, individually and in his official capacity as a Police Officer for the Tulare Police Department; OFFICER DANIEL GREWE, individually and in his official capacity as a Police Officer for the Tulare Police Department; and alleges as follows:

## JURISDICTION AND VENUE

1.      This court has jurisdiction of this action, in that the amount in controversy demanded by Plaintiffs exceeds $25,000.00, and the events or omissions giving rise to the Plaintiffs' claims and causes of action occurred within the State of California, County of Tulare where the actions of the Defendants took place.

## INTRODUCTION

2.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-shooting of Jesse Garcia, Jr. ("DECEDENT") on December 1, 2022.

3.      Plaintiffs timely filed and presented their claims to the public entities pursuant to California Government Code §910, et seq.  Plaintiffs presented their claims via personal service on the City of Tulare and on the Clerk of the Board of Supervisors for Tulare County, State of California on May 30, 2023.  True and correct copies of Plaintiffs claim forms are attached hereto and incorporated herein as Exhibits A and B.

4.      The claim against the City of Tulare was rejected on June 20, 2023. A true and

**COMPLAINT FOR DAMAGES**

1   correct copy of the NOTICE OF REJECTION OF CLAIM is attached hereto as Exhibit C.

2       5.    The claim against the County of Tulare was rejected on June 27, 2023. A true

3   and correct copy of the COUNTY OF TULARE NOTICE OF REJECTION OF CLAIM is

4   attached hereto as Exhibit D.

5

6   **PARTIES**

7

8       6.    At all relevant times, Decedent Jesse Garcia, Jr. ("DECEDENT") was an

9   individual residing in the City of Tulare, County of Tulare, State of California.

10       7.    Plaintiff, JRYDEN LUKE FARRELL GARCIA, ("CHILD") a minor, by and

11   through his Guardian Ad Litem, AMY SMITH, is an individual residing in the City of Tulare,

12   County of Tulare, State of California and is the biological son of DECEDENT. CHILD sues

13   both in his individual capacity as the son of DECEDENT and in a representative capacity as a

14   successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure §377.60.

15   CHILD seeks both survival and wrongful death damages under federal and state law.

16

17       8.    Plaintiff, JESSE GARCIA, SR., ("FATHER") is an individual residing in the

18   City of Tulare, County of Tulare, State of California and is the biological father of

19   DECEDENT. FATHER sues both in his individual capacity as the father of DECEDENT and

20   in a representative capacity as a successor-in-interest to DECEDENT pursuant to California

21   Code of Civil Procedure §377.60. FATHER seeks both survival and wrongful death damages

22   under federal and state law.

23

24       9.    Plaintiff, MONICA GARCIA, ("MOTHER") is an individual residing in the

25   City of Tulare, County of Tulare, State of California and is the biological mother of

26   DECEDENT. MOTHER sues both in her individual capacity as the mother of DECEDENT

27   and in a representative capacity as a successor-in-interest to DECEDENT pursuant to

28

4<br>**COMPLAINT FOR DAMAGES**

1  California Code of Civil Procedure §377.60.  MOTHER seeks both survival and wrongful

2  death damages under federal and state law.

3      10.    At all relevant times, Defendant, COUNTY OF TULARE ("COUNTY") is and

4  was a municipal corporation existing under the laws of the State of California.  COUNTY is a

5  chartered subdivision of the State of California with the capacity to be sued.  COUNTY is

6  responsible for the actions, omissions, policies, procedures, practices, and customs of its

7  various agents and agencies, including the Tulare County Sheriff's Office ("TCSO") and its

8  agents and employees.  At all relevant time, Defendant, COUNTY was responsible for

9

10 assuring that the actions, omissions, policies, procedures, practices, and customs of the TCSO

11 and its employees and agents complied with the laws of the United States and of the State of

12 California.

13     11.    At all relevant times, Defendant, CITY OF TULARE ("CITY") is and was a

14 municipal corporation existing under the laws of the State of California.  CITY is a chartered

15 subdivision of the State of California with the capacity to be sued.  CITY is responsible for the

16

17 actions, omissions, policies, procedures, practices, and customs of its various agents and

18 agencies, including the Tulare Police Department ("TPD") and its agents and employees.  At

19 all relevant time, Defendant, CITY was responsible for assuring that the actions, omissions,

20 policies, procedures, practices, and customs of the TPD and its employees and agents

21 complied with the laws of the United States and of the State of California.

22     12.    Defendant, DEPUTY TIMOTHY HOLDBROOK ("HOLDBROOK") on

23 information and belief, is a Deputy Sheriff with the Tulare County Sheriff's Office.

24

25 HOLDBROOK is being sued both in his individual capacity and official capacity as a Deputy

26 Sheriff with the Tulare County Sheriff's Department.

27     13.    Defendant, DEPUTY ERIK OSUNA ("OSUNA") on information and belief, is

28

5<br>COMPLAINT FOR DAMAGES

a Deputy Sheriff with the Tulare County Sheriff's Office.  OSUNA is being sued both in his

individual capacity and official capacity as a Deputy Sheriff with the Tulare County Sheriff's

Department.

14.     Defendant, DEPUTY MONIQUE MENDOZA ("MENDOZA") on information

and belief, is a Deputy Sheriff with the Tulare County Sheriff's Office.  MENDOZA is being

sued both in her individual capacity and official capacity as a Deputy Sheriff with the Tulare

County Sheriff's Department.

15.     Defendant, CORPORAL VINCENT MEDINA ("MEDINA") on information

and belief, is a Police Officer with the Tulare Police Department.  MEDINA is being sued in

both his individual capacity and official capacity as a Police Officer with the Tulare Police

Department.

16.     Defendant, OFFICER MARISSA BOLANOS ("BOLANOS") on information

and belief, is a Police Officer with the Tulare Police Department.  BOLANOS is being sued in

both her individual capacity and official capacity as a Police Officer with the Tulare Police

Department.

17.     Defendant, OFFICER ANDREA MERCADO ("MERCADO") on information

and belief, is a Police Officer with the Tulare Police Department.  MERCADO is being sued

in both her individual capacity and official capacity as a Police Officer with the Tulare Police

Department.

18.     Defendant, OFFICER ALEXIS MACIAS ("MACIAS") on information and

belief, is a Police Officer with the Tulare Police Department.  MACIAS is being sued in both

her individual capacity and official capacity as a Police Officer with the Tulare Police

Department.

19.     Defendant, OFFICER JUSTIN HAMPTON ("HAMPTON") on information

1  and belief, is a Police Officer with the Tulare Police Department. HAMPTON is being sued in
2  both his individual capacity and official capacity as a Police Officer with the Tulare Police
3  Department.

4      20.    Defendant, OFFICER DANIEL GREWE ("GREWE") on information and
5  belief, is a Police Officer with the Tulare Police Department. GREWE is being sued in both
6  his individual capacity and official capacity as a Police Officer with the Tulare Police
7
8  Department.

9      21.    Defendant, JESSE JAKIN GARCIA, ("J. GARCIA") a minor, (DOB: 3-5-
10  2009) is an individual residing in the City of Tulare, County of Tulare, State of California and
11  is the biological son of DECEDENT. J. GARCIA is named herein as a Nominal Defendant.

12      22.    The true names, capacities, and involvement, whether individual, corporate,
13  association or otherwise of Defendants DOES 1 through 100, inclusive, are unknown to
14  Plaintiffs, who otherwise sues these Defendants by such fictitious names. Plaintiff may seek
15
16  leave to amend this complaint to show the true names and capacity of these Defendants when
17  they have been ascertained and new information comes to light. Each of the fictitiously-
18  named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

19      23.    All named defendants herein, save and except for nominal defendant J.
20  GARCIA, but including all DOE defendants, are sometimes referred to herein collectively as
21  ("DEFENDANTS").

22      24.    At all times mentioned herein, each and every DEFENDANT was the agent of
23
24  each and every other DEFENDANT and had the legal duty to oversee and supervise the
25  hiring, conduct, training, and employment of each and every DEFENDANT.

26      25.    At all times mentioned herein, defendant COUNTY and TCSO was employer
27  and agent of each and every COUNTY and TCSO employee defendant and had the legal duty

28

7
**COMPLAINT FOR DAMAGES**

1   to oversee and supervise the hiring, conduct, training, and employment of each and every other

2   COUNTY and TCSO employee defendant.

3        26.    At all times mentioned herein, defendant CITY and TPD was the employer and

4   agent of each and every CITY and TPD employee defendant and had a legal duty to oversee

5   and supervise the hiring, conduct, training, and employment of each and every other CITY and

6   TPD employee defendant.

7        27.    All of the acts complained of herein by Plaintiffs against DEFENDANTS were

8   done and performed by said DEFENDANTS by and through their authorized agents, servants,

9   and/or employees, all of whom at all relevant times herein were acting within the course,

10  purpose, and scope of said agency, service, and/or employment capacity.  Moreover,

11

12  DEFENDANTS and their agents ratified all of the acts complained of herein.

13                    **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

14       28.    On or about December 1, 2022 at or near the intersection of W. Cartmill

15  Avenue and N. West Street, in the County of Tulare, DECEDENT was lawfully parked in a

16  Ford pickup truck, sitting in the driver's seat, sleeping, in or near an orchard, when he was

17

18  unlawfully detained, de-facto arrested, shot with a TASER (Tased), and shot multiple times by

19  multiple TCSO and TPD DEFENDANTS with their duty issued firearms, and wrongfully

20  killed by DEFENDANTS.

21       29.    TCSO deputy HOLDBROOK was first on scene.

22
23       30.    Defendant HOLDBROOK promptly realized that the white Ford truck was not

24  the stolen Chevy truck that he claims to have been looking for.

25       31.    Defendant HOLDBROOK had no reasonable suspicion or probable cause that

26  any criminal activity was afoot related to DECEDENT or the white Ford truck.

27       32.    Defendant HOLDBROOK nonetheless approached and detained DECEDENT.

28

8<br>**COMPLAINT FOR DAMAGES**

33.     Upon initial contact with DECEDENT, DEFENDANTS immediately detained DECEDENT without reasonable suspicion, without probable cause, and without a warrant or knowledge of a warrant.

34.     DEFENDANTS' detention of DECEDENT turned into a prolonged detention and de-facto arrest, without reasonable suspicion, without probable cause, and without a warrant or knowledge of a warrant.

35.     DEFENDANTS detained DECEDENT at gunpoint in violation of policy and procedure.

36.     DECEDENT was not free to leave.

37.     Defendant MERCADO, a TPD officer, described DECEDENT Jesse Garcia Jr. as "**very passive** but very uncooperative".

38.     Defendant BOLANOS, a TPD officer also described DECEDENT Jesse Garcia Jr. as "**very passive,** obviously he has the right hand covered, not attempting to move".

39.     DEFENDANTS describe or admit that DECEDENT was passively non-compliant.

40.     DEFENDANTS failed to de-escalate the encounter with DECEDENT, in violation of policy and procedure.

41.     DEFENDANTS escalated the encounter with DECEDENT, in violation of policy and procedure.

42.     DEFENDANTS failed to call in for any mental health crisis intervention support or backup.

43.     DEFENDANTS failed to call in for any department or law enforcement chaplain to assist in the matter.

44.     It is the policy of DEFENDANTS and TPD that teams of handlers and police

1   canines meet and maintain the appropriate proficiency to effectively and reasonably carry out

2   legitimate law enforcement objectives.

3       45.    DEFEDNANTS and TPD had a duty and responsibility to PLAINTIFFS and

4   DECEDENT to fully and regularly train and supervise police canine units, including training

5   in police canine apprehension work utilizing a secure bite to apprehend or neutralize a suspect.

6       46.    DEFENDANTS had a duty and responsibility to properly and thoroughly train

7

8   all police canine officers and canine units prior to utilizing any TPD police canine in the field.

9       47.    DEFENDANTS, with deliberate indifference, breached such duty to train the

10  canine units.

11      48.    DEFENDANTS, intentionally and with deliberate indifference, utilized an

12  unqualified deficient police canine unit in this incident.

13      49.    Such police canine unit had multiple opportunities to apply a secure bite on

14

15  DECEDENT'S right arm to apprehend the passive DECEDENT and neutralize any perceived

16  threat.

17      50.    Such police canine unit was so ill-trained that it entered DECEDENT'S vehicle

18  through the passenger doorway more than once, as many as three times, with direct access to

19  the passive DECEDENT'S right arm, with DECEDENT not reacting to or resisting the police

20  canine unit, yet the police canine officer failed in its duty to follow his handler's command and

21  apply a secure bite on the right arm of the passive DECEDENT to apprehend the passive

22  DECEDENT and neutralize any perceived threat.

23

24      51.    The canine handler, defendant GREWE, gave multiple commands ("Packen"),

25  for the canine officer to attack or take hold of the passive DECEDENT with a secure bite, but

26  the canine officer failed to follow such commands on at least three attempts.

27      52.    Each time the police canine was given a command, the police canine grossly

28

10<br>COMPLAINT FOR DAMAGES

failed in its duties, directly and proximately causing and contributing to the damages alleged

herein.

53.     The unconscionable conduct of the police canine unit, and failure to follow a

simple "Packen" bite command demonstrates a gross failure in canine training, ratification of

the lack of training, deliberate indifference to the lack of training, on the part of

DEFENDANTS.

54.     The unconscionable conduct of the untrained, unqualified, deficient police

canine unit in this incident proximately caused and/or contributed to PLAINTIFFS' injuries,

damages, and to the injuries, damages, and death of DECEDENT.

55.     At and near the point in time the police canine was entering and exiting the

FORD truck through the passenger doorway, while the passive DECEDENT was distracted,

DEFENDANTS, including HOLDBROOK and OSUNA had direct access, and hands on

contact with the passive DECEDENT but failed to take hands-on, non-lethal action to secure

and neutralize the passive DECEDENT.

56.     After the police canine failed in its duties, defendant BOLANOS ran to the

female passenger and got a quick statement that DECEDENT had a small **unloaded** gun.

57.     After being informed by the witness that DECEDENT had an **unloaded** gun

BOLANOS, failed to properly communicate to fellow DEFENDANTS that the gun was

**unloaded**. Such failure to accurately and completely radio the information unnecessarily

escalated the situation. Such failure to accurately and completely radio and convey such

critical information violated policy and procedure, was the result of DEFENDENTS' failure to

train, deliberate indifference, and proximately caused DECEDENT'S death and PLAINTIFFS'

injuries and damages.

58.     TPD defendant BOLANOS radioed that DECEDENT Jesse Garcia Jr. "does

11
**COMPLAINT FOR DAMAGES**

have a small 1032" which is a handgun.

59.     TPD defendant BOLANOS failed to accurately radio that the small 1032 (gun) was reportedly unloaded and that DECEDENT did not have any ammunition.

60.     Corporal MEDINA repeated BOLANOS'S information "Did you copy that? Possible 1032 (gun).

61.     At that moment, when Corporal MEDINA said "Did you copy that? Possible 1032 (gun), passive DECEDENT Jesse Garcia Jr. stated "don't taser me dude" and "just don't bro. I'll show you my right hand if you don't".

62.     Defendant Deputy OSUNA then unnecessarily and drastically escalated the situation at that moment, and shot DECEDENT with his duty issued TASER.

63.     It was within 35 seconds of BOLANOS's initial radio dispatch regarding a small 1032 (gun), with no escalating change in the passive DECEDENT'S behavior, despite DECEDENT'S statement that he would comply and "I'll show you my right hand if you don't [tase me]" DEFENDANTS unreasonably, unnecessarily, unlawfully, and against policy and procedure, escalated the incident by shooting DECEDENT with OSUNA'S department issued TASER.

64.     Prior to being electronically TASED, the passive DECEDENT did not brandish a gun, verbally threaten DEFENDANTS with a gun, or physically display a gun in any way to threaten DEFENDANTS.

65.     Pursuant to policy and procedure a TASER device should only be used when its operator can safely approach the subject within the operational range of the device.

66.     DEFENDANTS made contact with and stood within operational range of the TASER device, just feet from DECEDENT for a significant period of time without verbal threat, threat of escape, violence, or physical resistance by DECEDENT toward any

---

12<br>
<strong>COMPLAINT FOR DAMAGES</strong>

DEFENDANT.

67.     DECEDENT remained passive, and did not demonstrate, by words or action, an intention to be violent or to physically resist.

68.     DEFENDANTS failed to call in any mental health support, or other professionals to assist in de-escalating the situation.

69.     DECEDENT stated he would show his right hand if they did not TASE him.

70.     Nonetheless, against policy and procedure, DEFENDANTS, decided to, instructed, ratified and did unnecessarily escalate the situation by deploying an electronic weapon (TASER) upon DECEDENT against policy and procedure.

71.     Such electronic weapon (TASER) was fired upon DECEDENT utilizing electronic probes with the purpose, intent, and desire to affect neuromuscular incapacitation (NMI) of DECEDENT.

72.     Such electronic weapon (TASER) was fired upon DECEDENT and did in fact cause the intended neuromuscular incapacitation (NMI) of DECEDENT.

73.     Several DEFENDANTS admittedly witnessed the passive DECEDENT physically "jolt" from being tased.

74.     Immediately upon unnecessarily escalating the situation at the time by deploying the electronic weapon (TASER) upon DECEDENT, and intentionally causing DECEDENT'S neuromuscular incapacitation (NMI), DEFENDANTS shot and killed DECEDENT.

75.     Seven (7) of the DEFENDANTS, to wit: HOLDBROOK, MENDOZA, MEDINA, BOLANOS, MERCADO, MACIAS, HAMPTON, (and unknown DOES) immediately and instantly reacted to OSUNA firing his TASER upon DECEDENT, by excessively shooting DECEDENT to death, by collectively firing as many as 71 rounds with

their duty issued firearms.

76.   DECEDENT was shot, within about one (1) second, as he was actively being tased.

77.   The TASER was still shocking DECEDENT as he was shot and killed.

78.   The TASER caused DECEDENT to "jolt" with neuromuscular incapacitation.

79.   DEFENDANTS reacted to the TASER shot and DECEDENT'S neuromuscular incapacitation by panicking and firing 71 bullets at the passive DECEDENT.

80.   Within one (1) second of OSUNA firing his TASER upon the "passive" DECEDENT, seven DEFENDANTS fired 71 bullets in less than seven seconds in reaction to the TASER shot, to wit: HOLDBROOK, MENDOZA, MEDINA, BOLANOS, MERCADO, MACIAS, HAMPTON.

81.   DECEDENT, who was incapacitated by the TASER shock, did not "brandish" a gun, and did not "point" a gun at any officer.

82.   Any and all furtive movements, if any, by the passive DECEDENT, were involuntary on the part of DECEDENT and caused by the shock and neuromuscular incapacitation of being tased.

83.   The use and deployment of the electronic weapon (TASER) proximately caused the immediate shooting death of DECEDENT, and other damages.

84.   The firing of the TASER, and the 71 bullets at the passive DECEDENT was willful, intentional, unconscionable, unreasonable, reckless, with conscious disregard and deliberate indifference in violation of Plaintiffs' and DECEDENT Jesse Garcia Jr.'s federal and state Constitutional rights, and federal and state statutory rights.

85.   Upon shooting DECEDENT, DEFENDANTS were more concerned with confirming weather or not DECEDENT actually had a gun than they were about providing

---

**14**
**COMPLAINT FOR DAMAGES**

immediate medical assistance to DECEDENT.

86.  DEFENDANTS delayed in providing any medical assistance to DECEDENT. Only after conducting a search for a gun did DEFENDANTS provide any medical assistance to DECEDENT, after he was shot multiple times by DEFENDANTS.

87.  The conduct of DEFENDANTS, and each of them, was a substantial factor in causing DECEDENT'S and Plaintiffs' harm, losses, injuries, and damages.

### FIRST CAUSE OF ACTION

### Fourth Amendment-Detention and Arrest (42 U.S.C. §1983)

### (Against all DEFENDANTS)

88.  Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 87 of this Complaint with the same force and effect as if fully set forth herein.

89.  DEFENDANTS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

90.  DEFENDANTS' prolonged detention amounted to a de-facto arrest without a warrant and without probable cause.

91.  DEFENDANTS searched and seized DECEDENT and DECEDENT'S vehicle under color of authority, in the performance of their duties, without a warrant.  DECENENT was harmed and DEFENDANTS' unlawful search and seizure was a substantial factor in causing DECEDENT'S and Plaintiffs' harm.

92.  When DEFENDANTS shot DECEDENT, they violated DECEDENT'S rights to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors for the Fourteenth Amendment.

93.  The conduct of DEFENDANTS was willful, wanton, malicious,

15
**COMPLAINT FOR DAMAGES**

unconscionable, and done with reckless disregard and deliberate indifference for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANTS.

94.     As a result of their misconduct, DEFENDANTS are liable for DECEDENT'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

95.     Plaintiffs bring this cause of action as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT'S rights. Plaintiffs also seek attorney fees, including federal and state statutory attorney fees and civil penalties.

### SECOND CAUSE OF ACTION

### Fourth Amendment-Excessive Force (42 U.S.C. §1983)

### (Against all DEFENDANTS)

96.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 95 of this Complaint with the same force and effect as if fully set forth herein.

97.     DEFENDANTS used excessive force against DECEDENT when they tased him and when they shot him.  DEFENDANTS' unjustified taser deployment and/or shooting deprived DECEDENT of his rights to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

98.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

99.     The conduct of DEFENDANTS was willful, wanton, malicious,

16
**COMPLAINT FOR DAMAGES**

1  unconscionable, and done with reckless disregard and deliberate indifference for the rights and

2  safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive

3  damages as to DEFENDANTS.

4    100.   The shooting was excessive, unreasonable and unconscionable, especially

5  because DECEDENT had just verbally stated his willingness to comply and show his hand

6  immediately prior to the TASER shot and posed no immediate threat of death or serious bodily

7  injury at the time of the TASER deployment and shooting.  Further, DEFENDANTS' use of

8  deadly force violated their training and standard police training.

9

10   101.   Plaintiffs bring this cause of action as successors-in-interest to the

11  DECEDENT, and seek both survival and wrongful death damages for the violation of

12  DECEDENT'S rights.  Plaintiffs also seek attorney fees, including federal and state statutory

13  attorney fees and civil penalties.

14                        **THIRD CAUSE OF ACTION**

15          **Fourth Amendment-Denial of Medical Care (42 U.S.C. §1983)**

16                        **(Against all DEFENDANTS)**

17

18   102.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through

19  101 of this Complaint with the same force and effect as if fully set forth herein.

20   103.   The denial of medical care by DEFENDANTS deprived DECEDENT of his

21  right to be secure in his person against unreasonable searches and seizures as guaranteed to

22  DECEDENT under the Fourth Amendment to the United States Constitution and applied to

23  state actors by the Fourteenth Amendment.

24

25   104.   As a result of the foregoing, DECEDENT suffered great physical pain and

26  emotional distress up to the time of his death, loss of enjoyment of life, loss of life and loss of

27  earning capacity.

28

---
17
**COMPLAINT FOR DAMAGES**

105.   DEFENDANTS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

106.   The conduct of DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANTS.

107.   As a result of their misconduct, DEFENDANTS are liable for DECEDENT'S injuries and harm, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

108.   Plaintiffs bring this cause of action as successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT'S rights.  Plaintiffs also seeks attorney fees including federal and state statutory attorney fees and civil penalties.

### FOURTH CAUSE OF ACTION

**Substantive Due Process (42 U.S.C. §1983)**

**(Against all DEFENDANTS)**

109.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 108 of this Complaint with the same force and effect as if fully set forth herein.

110.   Plaintiffs have a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to unwarranted state interference in Plaintiffs familial relationship with DECEDENT.

18
**COMPLAINT FOR DAMAGES**

111.   DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

112.   The aforementioned actions of DEFENDANTS, along with other undiscovered conduct, shock the conscience, in that they acted with callous disregard and deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

113.   As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  DEFENDANTS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

114.   As a direct and proximate cause of the acts of DEFENDANTS, Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the lifelong love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainer of their respective lives.

115.   The conduct of DEFENDANTS was willful, wanton, malicious, unconscionable and done with reckless disregard and deliberate indifference for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANTS.

116.   Plaintiffs bring this cause of action individually and as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages.  Plaintiffs also seek attorney fees including federal and state statutory attorney fees and civil penalties.

**FIFTH CAUSE OF ACTION**

**Municipal Liability-Ratification (42 U.S.C. §1983)**

**(Against Defendants CITY, COUNTY, [TPD & TCSO] and DOES)**

117.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 116 of this Complaint with the same force and effect as if fully set forth herein.

118.    DEFENDANTS, and each of them, acted under color of law.

119.    The acts of DEFENDANTS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

120.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of DEFENDANTS, ratified DEFENDANTS' acts and the bases for them.  Upon information and belief, the unknown final policymaker(s) knew of and specifically approved of DEFENDANTS' acts and omissions.

121.    Upon information and belief, a final policymaker(s) has determined (or will determine) that the acts of DEFENDANTS were "within policy."

122.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT'S pain and suffering, loss of enjoyment of life, and death.

123.    Accordingly, Defendants CITY, COUNTY [TPD and TCSO] and DOES each are liable to Plaintiffs for compensatory damages under 42 U.S.C. §1983.

124.    Plaintiff brings this cause of action as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this cause if action.  Plaintiffs also seek attorney fees, including federal at state statutory attorney fees and civil penalties.

**SIXTH CAUSE OF ACTION**

**Municipal Liability- Failure to Train (42 U.S.C. §1983)**

**(Against Defendants CITY, COUNTY, [TPD & TCSO] and DOES)**

125.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 124 of this Complaint with the same force and effect as if fully set forth herein.

126.    DEFENDANTS, and each of them, acted under color of law.

127.    The acts of DEFENDANTS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

128.    The training policies of Defendants CITY, COUNTY [TPD & TCSO] and DOES were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

129.    Defendants CITY, COUNTY, [TPD & TCSO] and DOES were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

130.    The failure of Defendants CITY, COUNTY [TPD & TCSO] and DOES to provide adequate training caused the deprivation of Plaintiffs' rights by DEFENDANTS; that is, DEFENDANTS' failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

131.    On information and belief, CITY, COUNTY, [TPD & TCSO] and DOES failed to train DEFENDANTS properly and adequately.

132.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.

133.    Accordingly, Defendants CITY, COUNTY, [TPD & TCSO] and DOES each are liable to Plaintiffs for compensatory damages under 42 U.S.C. §1983.

134.    Plaintiffs bring this cause of action as successors-in-interest to DECEDENT,
and seek both survival and wrongful death damages under this cause of action.  Plaintiffs also
seek attorney fees under this cause of action, including federal and state statutory attorney fees
and civil penalties.

## SEVENTH CAUSE OF ACTION

### Municipal Liability- Unconstitutional Custom or Policy (42 U.S.C. §1983)

### (Against Defendants CITY, COUNTY, [TPD & TCSO] and DOES)

135.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through
134 of this Complaint with the same force and effect as if fully set forth herein.

136.    DEFENDANTS, and each of them, acted under color of law.

137.    DEFENDANTS acted pursuant to an expressly adopted official policy or a
longstanding practice or custom of the Defendant CITY, COUNTY, [TPD & TCSO] and
DOES.

138.    On information and belief, DEFENDANTS were not disciplined, reprimanded,
retrained, suspended, or otherwise penalized in connection with DECEDENT'S death.

139.    Defendants, CITY, COUNTY, [TPD & TCSO] and DOES, together with other
CITY, COUNTY, [TPD & TCSO] and DOE policy makers and supervisors, maintained, inter
alia, the following unconstitutional customs, practices and policies:

  a.  Using excessive force, including excessive deadly force;

  b.  Failure to provide adequate training regarding the use of deadly force;

  c.  Providing inadequate training regarding the use of force including
deadly force;

  d.  Failure to provide adequate training to police canines and canine
handlers;

e.      Utilization and deployment of police canines and canine teams,

including canine handlers, who lack proficiency.

f.      Failure to provide adequate Conducted Energy Device training on the

appropriate use of TASER devices.

g.      Employing and retaining as police officers, individuals such as

DEFENDANTS, whom Defendant CITY, COUNTY and DOES at all times material herein

knew or reasonably should have known had dangerous propensities for abusing their authority

and for using excessive force;

h.      Inadequately supervising, training, controlling, assigning, and

disciplining CITY and COUNTY officers, and other personnel, including DEFENDANTS and

DOES, whom Defendant CITY, COUNTY and DOES knew or in the exercise of reasonable

care should have known had the aforementioned propensities and character traits;

i.      Maintaining grossly inadequate procedures for reporting, supervising,

investigating, reviewing, disciplining and controlling misconduct by CITY and COUNTY

officers, deputies, and DOES;

j.      Failing to adequately discipline CITY and COUNTY officers and

deputies, including DEFENDANTS, for the above-referenced categories or misconduct,

including "slaps on the wrist," discipline that is so slight as to be out of proportion to the

magnitude of the misconduct, and other inadequate discipline that is tantamount to

encouraging misconduct;

k.      Encouraging, accommodating, or facilitating a "blue code of silence,"

"blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to

which police officers do not report other officers' errors, misconduct, or crimes.  Pursuant to

this code of silence, if questioned about an incident of misconduct involving another officer,

while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

l.      On information and belief, maintaining a policy of inaction and an attitude of deliberate indifference towards soaring numbers of police SHOOTINGS and beatings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in SHOOTINGS and beatings of unarmed people.

140.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT'S pain and suffering, loss of enjoyment of life, and death.

141.   Defendants CITY, COUNTY [TPD & TCSO] and DOES, together with various other officials whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

142.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY, COUNTY, [TPD & TCSO] and DOES acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT'S and Plaintiffs' constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants, CITY, COUNTY, [TPD & TCSO] and DOES were affirmatively linked to and were a significantly influential force

behind the injuries of DECEDENT and Plaintiffs.

143.   Accordingly, Defendants CITY, COUNTY, [TPD & TCSO] and DOES each are liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

144.   Plaintiffs bring this cause of action individually and as successors-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this cause of action. Plaintiffs also seek attorney fees under this cause of action, including federal and state statutory attorney fees and civil penalties.

## EIGHTH CAUSE OF ACTION

### False Arrest/False Imprisonment

### (Against all DEFENDANTS)

145.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 144 of this Complaint with the same force and effect as if fully set forth herein.

146.   DEFENDANTS, while working as officers for TPD and TCSO and acting within the course and scope of their duties and employment, intentionally and unlawfully arrested DECEDENT, and deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  DEFENDANTS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

147.   DECEDENT did not knowingly or voluntarily consent.

148.   DEFENDANTS detained, restrained, and confined DECEDENT for an appreciable amount of time, against DECEDENT'S will and in violation of his rights.

149.   The conduct of the DEFENDANTS was a substantial factor in causing the harm and damages to DECEDENT.

150.   DEFENDANTS authorized, encouraged, directed, ratified, and/or assisted other DEFENDANTS in doing the unlawful acts and omissions alleged herein, and procured

25

**COMPLAINT FOR DAMAGES**

1  DECEDENT'S arrest without due process or probable cause.

2      151.    Defendant CITY, COUNTY, [TPD & TCSO] and DOES are vicariously liable

3  for the wrongful acts of DEFENDANTS pursuant to section 815.2(a) of the California

4  Government Code, which provides that a public entity is liable for the injuries caused by its

5  employees within the scope of the employment if the employee's acts would subject him or

6  her to liability.

7      152.    The conduct of DEFENDANTS was malicious, willful, wanton, oppressive,

8
   unconscionable and accomplished with a conscious and callous disregard, and with deliberate

9

10 indifference for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and

11 punitive damages.

12     153.    As a result of their misconduct, Defendants DOE OFFICERS are liable for

13 DECEDENT'S injuries, either because they were integral participants in the wrongful

14
   detention and arrest, or because they failed to intervene to prevent these violations.

15

16     154.    Plaintiffs bring this cause of action individually and as successors-in-interest to

17 DECEDENT, and seeks both survival and wrongful death damages under this cause of action.

18 Plaintiffs also seek attorney fees under this cause of action, including federal and state

19 statutory attorney fees and civil penalties.

20                        **NINTH CAUSE OF ACTION**

21                              **Assault**

22
                        **(Against all DEFENDANTS)**
23

24     155.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through

25 154 of this Complaint with the same force and effect as if fully set forth herein.

26     156.    DEFENDANTS actions, including but not necessarily limited to drawing their

27 TASER(S) and firearms and pointing them at DECEDENT for an appreciable amount of time.

28
                                26
                        **COMPLAINT FOR DAMAGES**

157.   DEFENDANTS' actions caused DECEDENT to reasonably believe that he was about to be imminently touched in a harmful or offensive manner.

158.   DECEDENT did not consent to DEFENDANTS' assaultive actions.

159.   DECEDENT was harmed, injured, and damaged by such actions.

160.   DEFENANTS' actions and conduct were a substantial factor in causing DECEDENT'S harm, injuries, and damages.

161.   Plaintiffs bring this cause of action individually and as successors-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this cause of action. Plaintiffs also seek attorney fees under this cause of action, including federal and state statutory attorney fees and civil penalties.

## TENTH CAUSE OF ACTION

### Battery (Wrongful Death)

### (Against all DEFENDANTS)

162.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 161 of this Complaint with the same force and effect as if fully set forth herein.

163.   DEFENDANTS, while working as officers for the TPD and deputies for TCSO, and acting within the course and scope of their duties, intentionally and unconscionably shot DECEDENT multiple times, and used unreasonable and excessive force against him. As a result of the actions of DEFENDANTS, DECEDENT suffered severe pain and suffering and ultimately died from his injuries. DEFENDANTS had no legal justification for using the level of force against DECEDENT that they used, and their use of force, including deadly force, while carrying out their duties as police officers was an unreasonable and unprivileged use of force.

164.   As a direct and proximate result of the conduct of DEFENDANTS as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity. As a direct and proximate result of the conduct of DEFENDANTS as alleged above,

1   DECEDENT suffered survival damages pursuant to Code of Civil Procedure §377.34.

2   165.   CITY, COUNTY, [TPD & TCSO] and DOES are vicariously liable for the

3   wrongful acts of DEFENDANTS pursuant to section 815.2(a) of the California Government

4   Code, which provides that a public entity is liable for the injuries caused by its employees

5   within the scope of the employment if the employee's act would subject him or her to liability.

6   166.   The conduct of DEFENDANTS was malicious, willful, wanton, oppressive,

7   and accomplished with a conscious disregard and deliberate indifference for the rights of

8   Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to

9   DECEDENT, to an award of exemplary and punitive damages as to DEFENDANTS.

10

11   167.   Plaintiffs bring this cause of action individually and as successors-in-interest to

12   DECEDENT, and seeks both survival and wrongful death damages under this cause of action.

13   Plaintiffs also seek attorney fees under this cause of action, including federal and state

14   statutory attorney fees and civil penalties.

15   **ELEVENTH CAUSE OF ACTION**

16

17   **Negligence (Wrongful Death)**

18   **(Against All DEFENDANTS)**

19   168.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through

20   167 of this Complaint with the same force and effect as if fully set forth herein.

21   169.   Police officers, including DEFENDANTS, have a duty to use reasonable care

22   to prevent harm or injury to others.  This duty includes using appropriate tactics, giving

23   appropriate commands, giving warnings, and not using any force unless necessary, using less

24   than lethal options, and only using deadly force as a last resort.

25

26   170.   In doing the acts as alleged herein, DEFENDANTS were negligent in that they

27   had a legal duty to conform to a standard of conduct to protect DECEDENT of which

28

28<br>COMPLAINT FOR DAMAGES

1   DEFENDANTS failed to do.  DEFENDANTS' failure and breach of this duty was the

2   proximate cause of the resulting harm, personal injuries, damages, and wrongful death

3   suffered by DECEDENT.

4       171.   Defendants breached this duty of care.  Upon information and belief, the

5   actions and inactions of Defendants were negligent and reckless, including, but not limited to:

6           a.      The failure to properly and adequately assess the need to detain, arrest,

7   and use force or deadly force against DECEDENT;

8           b.      The negligent tactics and handling of the situation with DECEDENT,

9
10  including pre-shooting negligence;

11          c.      The negligent detention, arrest, and use of force, including deadly force,

12  against DECEDENT;

13          d.      The failure to provide prompt medical care to DECEDENT;

14          e.      The failure to properly train and supervise employees, both professional

15  and non-professional, including DEFENDANTS and DOES;

16
17          f.      The failure to ensure that adequate numbers of employees and/or

18  contractors with appropriate education and training were available to meet the needs of and

19  protect the rights of DECEDENT, including but not limited to, mental health, spiritual, and

20  crisis intervention professionals, officers, and/or counselors;

21          g.      The negligent handling of evidence and witnesses; and

22
23          h.      The negligent communication of information during the incident.

24          i.      The negligent training of DEFENDANTS and DOES.

25          j.      Defendants COUNTY, CITY, and DOES, and each of them, negligently

26  and intentionally failed to hire, instruct, supervise control, discipline and/or train its employees

27  and agents, including but not limited to police canine officers and units.

28
---
29
**COMPLAINT FOR DAMAGES**

k.      Defendants COUNTY, CITY, and DOES failed to adequately provide, administer and monitor procedures regarding detentions, arrests, reporting, searches and seizures, of suspects and witnesses, and use of TASERS, use of weapons, use of firearms, use of force and/or use of deadly force.

172.    As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also, as a direct and proximate result of DEFENDANTS' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

173.    CITY and COUNTY [TPD & TCSO] are vicariously liable for the wrongful acts of DEFENDANTS and DOES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

174.    In doing the acts as alleged herein, DEFENDANTS are presumed Negligent Per Se in that they violated 42 U.S.C. §1983 and that this violation was a substantial factor in bringing about the harm, personal injuries, damages, and wrongful death damages suffered by DECEDENT and Plaintiffs.

175.    Plaintiffs bring this cause of action individually and as successors-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this cause of action. Plaintiffs also seek attorney fees under this cause of action, including federal and state statutory attorney fees and civil penalties.

30
**COMPLAINT FOR DAMAGES**

**TWELVTH CAUSE OF ACTION**

**(Violation of Cal. Civil Code §52.1)**

**(Against All Defendants)**

176.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 175 of this Complaint with the same force and effect as if fully set forth herein.

177.    California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

178.    On information and belief, DEFENDANTS, while working for CITY and COUNTY and acting within the course and scope of their duties, authorized, encouraged, directed, assisted and/or intentionally committed and attempted to commit acts of violence against DECEDENT, including tasing and shooting DECEDENT without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him immediate necessary medical care.

179.    When DEFENDANTS tased and shot DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

180.    On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitle to enjoy.

181.    On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants DOE OFFICERS were intended to discourage

---

31
**COMPLAINT FOR DAMAGES**

him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

182.   As such, DEFENDANTS successfully interfered with the above civil rights of DECEDENT and Plaintiffs.

183.   The conduct of Defendants was a substantial factor in causing Plaintiffs' harm, losses, injuries, and damages.

184.   CITY and COUNTY [TPD & TCSO] are vicariously liable for the wrongful acts of DEFENDANTS, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

185.   DEFENDANTS and DOES are vicariously liable under California law and the doctrine of *respondeat superior.*

186.   The conduct of the DEFENDANTS was malicious, willful, wanton, unconscionable, oppressive, and accomplished with the conscious disregard and deliberate indifference for DECEDENT'S and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to DEFENDANTS.

187.   Plaintiffs seek attorney fees under this cause of action including federal and state statutory attorney fees and civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, JRYDEN LUKE FARRELL GARCIA, a minor, by and through his Guardian Ad Litem, AMY SMITH, JESSE GARCIA, SR. and MONICA GARCIA, individually and as successors-in-interest to Jesse Garcia, Jr., deceased, requests entry of judgment in their favor and against DEFENDANTS, and each of them, as follows:

A.   For general damages in an amount according to proof at trial;

B.     For special damages in an amount according to proof at trial;

C.     For compensatory damages in whatever amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

D.     For noneconomic damages, including but not limited to, pain and suffering, inconvenience, mental suffering, and emotional distress, in an amount according to proof at trial;

E.     For funeral and burial expenses, and loss of financial support;

F.     For punitive and exemplary damages against the all DEFENANTS except for COUNTY and CITY, in an amount according to proof at trial;

G.     For federal and state statutory damages;

H.     For interest according to law;

I.     For all loss of earnings and wages according to proof at trial;

J.     For costs of suit;

K.     For statutory attorneys' fees and cost under federal law, including but not necessarily limited to 42 U.S.C. §1988, and the private attorney general doctrine, according to proof;

L.     For statutory attorneys' fees and costs under state law, including but not necessarily limited to Civil Code §52(h) and (i) (The Tom Bane Civil Rights Act), and the private attorney general doctrine, according to proof;

M.     For civil penalties pursuant to §§52, 52.1(b) and (c) (The Tom Bane Civil Rights Act); and,

///

///

///

1    N.    For such other and further relief as the Court may deem just and proper.

2

3

4    DATED: November 30, 2023        LAW OFFICE OF DEREK P. WISEHART

5

6                                    Derek P. Wisehart, Attorney for Plaintiffs,

7                                    JRYDEN LUKE FARRELL GARCIA, a minor,
                                     by and through his Guardian Ad Litem, AMY
8                                    SMITH, JESSE GARCIA, SR. and MONICA
                                     GARCIA, individually and as successors-in-
9                                    interest to Jesse Garcia, Jr., deceased.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

34
**COMPLAINT FOR DAMAGES**

*County of Tulare*



**Clerk of the Board**
Jason T. Britt
County Administrative Officer/
Clerk of the Board

**TYPE OF DOCUMENT**

☒ CLAIM

☐ MAP

☐ CHECK

☐ RESOLUTION

☐ AGREEMENT

☐ OTHER

**DELIVERED:**

DELIVERED BY ___Derek P. Wisehart___

CONTACT NAME ___Derek P. Wisehart___

PHONE NUMBER ___559 - 636 - 9473___

EMAIL ___derek@dwisehartLaw. com___

SIGNATURE ___D.W.___

---

**\*FOR CLERK OF THE BOARD OFFICE USE ONLY\***

RECEIVED BY: ___Raquel Saldivar___

NOTES: ___5/30/2023___

RECEIVED

## LIABILITY CLAIM REPORT

Attach Additional Pages if Necessary

**Mail Claim To:**

**Clerk of the Board of Supervisors**
2800 W. Burrel Ave.
Visalia, CA 93291-4593

MAY 3 0 2023

TULARE COUNTY
CLERK OF THE BOARD

Clerk of the Board Stamp

### CLAIMANT, NOTIFICATION AND GENERAL INFORMATION

| | |
|---|---|
| CLAIMANT FULL NAME: Estate of Jesse Garcia; Amy Smith oBo Jayden G. a minor; Jesse Garcia (Father) Monica Garcia (Mother) | CLAIMANT ADDRESS: 2330 W. Main St., Visalia, CA 93291 |
| PERSON TO BE NOTIFIED OF ANY ACTION TAKEN ON CLAIM Derek P. Wisehart, Esq. | NOTIFICATION ADDRESS (IF DIFFERENT THAN ABOVE) |

| CLAIMANT DATE OF BIRTH (OPTIONAL) | MEDICARE BENEFICIARY (OPTIONAL) ☐ YES ☐ NO | EMAIL ADDRESS (OPTIONAL) derek@dwisehartlaw.com |
|---|---|---|
| DATE OF ACCIDENT/INCIDENT 12/1/22 | ACCIDENT/INCIDENT TIME:  AM/PM. | CONTACT PHONE NUMBER(S) (559) 636-9473 |

PLACE OR LOCATION OF ACCIDENT/INCIDENT (COMPLETE ADDRESS AND/OR FULL DESCRIPTION OF AREA)
At or near W. Cartmill Ave. and N. West St.; City of Tulare, County of Tulare State of California

### LIABILITY

DESCRIBE WHAT HAPPENED, WHY YOU FEEL THE COUNTY IS LIABLE AND NAMES OF ANY INVOLVED COUNTY EMPLOYEE(S):
Tulare County Sheriff's Department and Tulare Police Department stopped, detained, tased, shot and killed decedent, Jesse Garcia in violation of his civil rights causing personal injury and death. *

### PROPERTY DAMAGE

DESCRIBE PROPERTY DAMAGE CLAIMED, INCLUDING LOCATION, NATURE OF DAMAGE, CAUSE AND HOW VALUE IS CALCULATED
Multiple gun shot holes and related damages to pick-up truck

### PERSONAL INJURY

STATE THE NATURE AND EXTENT OF CLAIMANT'S INJURY WHICH FORMS THE BASIS OF THIS CLAIM:
Multiple gun shot wounds and death of Jesse Garcia. Decedent was attacked by a police canine. Decedent was tased.
See Attachment. *

### AMOUNT OF CLAIM

| PROPERTY DAMAGE $ Unknown | PERSONAL INJURY $ Exceeds $10,000 | TOTAL $ AMOUNT OF CLAIM: In excess of $10,000 |
|---|---|---|

### WITNESSES

NAME(S) / ADDRESS(ES) / CONTACT INFO.:
- Tulare County Sheriff's Office and DOE Employees
- Tulare County Police Department and DoE Employees
  Unknown

| CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIMS OR MAKING FALSE STATEMENTS Every person who, with intent to defraud, presents for allowance or payment any false of fraudulent claim is guilty of a felony. (See California Penal Code §72). | I DECLARE UNDER THE PENALTIES OF PERJURY OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS CORRECT AND THAT THE AMOUNT OF THIS CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT DESCRIBED ABOVE. X _____  5/30/23 SIGNATURE OF CLAIMANT          DATE |
|---|---|

* See attached Notice of Government Claim

Additional Remarks or Diagram - If additional space is needed, feel free to use the section below for further comments. If the claim involves a motor vehicle accident, please also provide a visual diagram.

See attached Notice of Government Claim.

DIAGRAM OF ACCIDENT / INTERSECTION / STREET NAMES:  (Identifiers V1, V2, V3 etc.)

N/A

*N*

*W*                                                                                      *E*

*S*

## NOTICE TO CLAIMANT

**Claims must be signed by the property owner, injured party, or the person representing the claimant. Any unsigned claim forms cannot be honored. See Government Code §910.2.**

The County of Tulare often needs the supporting evidence in order to evaluate your claim. Whether attached to the claim form or submitted subsequently, evidence supporting the amount claimed may include:

- For claims of damage to property which has been or can be repaired, submit an itemized estimate or statement of damages by a reliable repair shop of your choice, or if payment has been made, the itemized signed receipts evidencing repairs and payment. For lost property or property that cannot be economically restored, submit documentation of the original cost of the property, the date of purchase, and the value of property before and after accident.

- For claims of bodily injury, personal injury or death, the claimant should submit documentation evidencing the degree of injuries sustained, diagnosis from medical providers and type of treatment obtained, including medical billing incurred. It is recommended that medical evidence **NOT** be attached to the claim form, but that such substantiation of damages be provided upon request. The Claim Form and attachments thereto is a public record and subject to public inspection.

  Note: Medicare recipients seeking compensation for personal injuries or medical expenses may be required to provide their
  Medicare Identification Number pursuant to 42 USC §1395y.

- If you are filing your tort claim after the six-month filing period, you must explain to the County your reason(s) for the delay. This is called an "Application for Leave to Present a Late Claim" (see Govt. Code section 911.4). There is no application form, therefore your application should be in the form of a letter with the proposed claim attached. The County shall consider the application in accordance with Government Code section 911.6, which lists legally acceptable reasons for filing a late claim. The County shall decide whether the application will be accepted. The County will consider the merits of the actual claim **only** if the "Application for Leave to Present a Late Claim" has been accepted.

The completed claim form and any supporting documentation needs to be mailed or delivered to the:

**Clerk of the Board of Supervisors**
**2800 W. Burrel Ave.**
**Visalia, CA 93291-4593**

**WHAT HAPPENS NEXT?**

Your claim will be investigated by Risk Management claims staff, and you should hear back on the status of your claim within 45 days of the presentation of your claim. Any questions should be directed to the County Counsel Risk Management Department at (559) 636-4950.

### REGARDING INSURANCE COVERAGE (Optional)

So that a claim may be properly reviewed and evaluated by Risk Management, your insurance information may be helpful in securing the appropriate documentation that could assist us in the claims process regarding your loss or injury.

- HAVE YOU FILED A CLAIM WITH YOUR INSURANCE COMPANY?         YES      NO

- NAME OF YOUR INSURANCE COMPANY _____

- INSURANCE COMPANY CLAIM OR POLICY NO. ? _____

- REPRESENTATIVE NAME: _____

- CONTACT PHONE OR EMAIL INFORMATION: _____

- IF "YES", WHAT IS YOUR DEDUCTIBLE AMOUNT? _____

1   Derek P. Wisehart, Esq. #178100
    LAW OFFICES OF DEREK P. WISEHART
2   2330 W. Main Street
3   Visalia, CA 93291
    Telephone: (559) 636-9473
4   Fax: (559) 636-9476

5   John K. Jackson, Esq. #172544
    LAW OFFICES OF JOHN K. JACKSON
6   900 W. Main Street
7   Visalia, CA 93291
    Telephone: (559) 713-1000
8   Fax: (559) 713-1422

9

10  Attorneys for Claimants,
    ESTATE OF JESSE GARCIA, AMY SMITH, obo JRYDEN G., a minor,
11  JESSE GARCIA, and MONICA GARCIA.

12

13  In Re the Claim of:                      )    Case No:
                                             )
14                                           )
                                             )    **NOTICE OF GOVERNMENT**
15  ESTATE OF JESSE GARCIA;                  )    **CLAIM PURSUANT TO**
    AMY SMITH, obo JRYDEN G., a minor;       )    **GOVERNMENT CODE SECTION**
16  JESSE GARCIA; and,                       )    **910**
17  MONICA GARCIA;                           )
                                             )    **WRONGFUL DEATH/**
18             Claimants.                    )    **SURVIVAL ACTION**
                                             )
19  _____ )

20

21       TO: CITY OF TULARE; TULARE POLICE DEPARTMENT; TULARE POLICE

22  DEPARTMENT CHIEF OF POLICE; COUNTY OF TULARE; TULARE COUNTY

23  SHERIFF'S OFFICE; TULARE COUNTY SHERIFF; DOE EMPLOYEES 1-50 INCLUSIVE;

24  AND DOES 51-100, INCLUSIVE, hereinafter referred to collectively as "RESPONDENTS".

25       Claimants hereby make a claim against RESPONDENTS in an amount exceeding

26                                    1

---
NOTICE OF GOVERNMENT CLAIM PURSUANT
TO GOVERNMENT CODE SECTION 910

1    $10,000.00 according to proof and makes the following statements in support of this claim.

2        1.      THE NAME AND POST OFFICE ADDRESS OF THE CLAIMANT(S):

3

4        ESTATE OF JESSE GARCIA
AMY SMITH obo JRYDEN G., a minor;

5        JESSE GARCIA (Decedent's Father)
MONICA GARCIA (Decedent's Mother).

6        c/o
Derek P. Wisehart, Esq.

7        LAW OFFICES OF DEREK P. WISEHART
2330 W. Main Street

8        Visalia, CA 93291

9        2.      THE POST OFFICE ADDRESS TO WHICH THE PERSON PRESENTING

10 THE CLAIM DESIRES NOTICE TO BE SENT:

11

12        Derek P. Wisehart, Esq.
LAW OFFICES OF DEREK P. WISEHART

13        2330 W. Main Street
Visalia, CA 93291

14

15        3.      THE DATE, PLACE AND OTHER CIRCUMSTANCES OF THE

16 OCCURRENCE OR TRANSACTION WHICH GAVE RISE TO THE CLAIM ASSERTED:

17        a.      On or about December 1, 2022 at or near the intersection of W. Cartmill Avenue

18 and N. West Street, in the City and County of Tulare, decedent JESSE GARCIA (hereinafter

19 referred to as "DECEDENT") was parked in a pickup truck in or near an orchard when he was

20 stopped, detained, tased, shot multiple times, and killed by RESPONDENTS.

21        After first being incapacitated by a Taser while sitting in his truck, DECEDENT was then

22 immediately and repeatedly shot at close range an unknown number of times by an unknown

23 number of RESPONDENT Police Officers and Sheriff's Deputies, one or more of which

24 repeatedly shot DECEDENT to the extent that such RESPONDENT shot/emptied his or her

25

26

2

1    entire clip of bullets until there were no more rounds left in the gun to shoot.  Indeed, Claimants

2    are informed and believe that RESPONDENTS, collectively, fired possibly as many as several

3    dozen rounds of bullets at DECEDENT, all after DECEDENT had been incapacitated by the

4    application of a Taser.

5

6          b.     In doing the acts as alleged above, RESPONDENTS intended to cause or place

7    DECEDENT in apprehension of a harmful or an offensive contact with his person. At no time

8    did DECEDENT consent to any of the acts of RESPONDENTS alleged above.  As a proximate

9    result of the acts of RESPONDENTS as alleged, DECEDENT and Claimants were hurt and

10   injured in their health, strength, and activity sustaining injury to their nervous system and person,

11   all of which have caused, them mental, physical, and nervous pain and suffering, and wrongful

12   death damages.  As a result of these injuries, they have suffered general damages, special

13   damages, and wrongful death damages.  As a further proximate result of the acts of

14   RESPONDENTS, DECEDENT and Claimants have incurred unknown, medical, funeral, and

15   related expenses.  The full amount of these expenses is not known at this time.  The

16   aforementioned conduct of RESPONDENTS was willful and malicious and was intended to

17   oppress and cause injury and death to DECEDENT and subsequent damages to Claimants.

18

19         c.     In doing the acts as alleged above, RESPONDENTS acted with the intent to, and

20

21   did in fact make offensive physical contact with DECEDENT'S person. At no time did

22   DECEDENT consent to any of the acts of RESPONDENTS alleged above.  As a proximate

23   result of the acts of RESPONDENTS as alleged, DECEDENT and Claimants have been hurt and

24   injured in their health, strength, and activity sustaining injury to their nervous system and person,

25   all of which have caused, them mental, physical and nervous pain and suffering and wrongful

26

3

NOTICE OF GOVERNMENT CLAIM PURSUANT
TO GOVERNMENT CODE SECTION 910

1   death damages. As a result of these injuries and wrongful death, DECEDENT and Claimants

2   have suffered damages. As a further proximate result of the acts of RESPONDENTS,

3   DECEDENT and Claimants have incurred, medical, funeral and related expenses.  The full

4   amount of these expenses is not known at this time.  The aforementioned conduct of

5   

6   RESPONDENTS was willful and malicious and was intended to oppress and cause injury to

7   DECEDENT and subsequent damages to Claimants.

8       d.      In doing the acts as alleged above RESPONDENTS engaged in outrageous

9   conduct as set forth herein.  RESPONDENTS' conduct was intentional and malicious and done

10  for the purpose of causing DECEDENT to suffer humiliation, mental anguish, fear for his life,

11  and emotional and physical distress.  RESPONDENTS' conduct was done with knowledge that

12  

13  DECEDENT'S emotional and physical distress would thereby increase, and was done with a

14  willful, wanton, and reckless disregard of the consequences to DECEDENT and Claimants.  As

15  the proximate result of the acts alleged above, DECEDENT suffered humiliation, mental

16  anguish, and emotional and physical distress, and death.  The aforementioned conduct of

17  RESPONDENTS was willful and malicious and was intended to oppress and cause injury to

18  

19  DECEDENT and subsequent damages to Claimants.

20      e.      In doing the acts as alleged above RESPONDENTS violated the civil rights of

21  DECEDENT in that RESPONDENTS intentionally violated DECEDENT'S Fourth Amendment

22  rights employing unreasonable and excessive force under the circumstances. RESPONDENTS

23  were at all times herein mentioned acting under color of state law and were acting and/or

24  purporting to act in the performance of their official duties. As a proximate result of

25  

26  RESPONDENTS' actions DECEDENT and Claimants have suffered personal injuries, damages,

4

NOTICE OF GOVERNMENT CLAIM PURSUANT
TO GOVERNMENT CODE SECTION 910

1   and wrongful death damages as stated herein.  In acting as alleged above RESPONDENTS acted

2   knowingly, willfully and maliciously, and with reckless and callous disregard for DECEDENT'S

3   State and federally protected rights.

4        f.      In doing the acts as alleged above RESPONDENTS are presumed Negligent Per

5   Se in that they violated 42 U.S.C. Section 1983 and that this violation was a substantial factor in

6   bringing about the harm, personal injuries, damages, and wrongful death damages suffered by

7

8   DECEDENT and Claimants.

9        g.      In doing the acts as alleged above RESPONDENTS were negligent in that

10  RESPONDENTS had a legal duty to conform to a standard of conduct to protect DECEDENT of

11  which RESPONDENTS failed to do.  RESPONDENTS' failure was the proximate cause of the

12  resulting personal injuries, damages, and wrongful death suffered by DECEDENT.

13

14       h.      CITY OF TULARE, TULARE POLICE DEPARTMENT, TULARE POLICE

15  DEPARTMENT CHIEF OF POLICE, COUNTY OF TULARE, TULARE COUNTY SHERIFF,

16  DOE EMPLOYEES 1-50, and each of them, negligently and intentionally failed to hire, instruct,

17  supervise, control, discipline and/or train its employees and agents, including but not limited to

18  Police canine dog and/or Sheriff's canine dog, DOE EMPLOYEES, and DOES.  Additionally,

19  RESPONDENTS failed to adequately provide, administer and monitor procedures regarding

20  detentions, arrests, reporting, searches and seizures, of suspects and witnesses, and use of

21

22  Taser's, use of weapons, use of firearms, use of force and/or use of deadly force.

23  RESPONDENTS failed to conduct a reasonable and adequate investigation into this matter.

24  RESPONDENTS have violated a statute, ordinance, or regulation of a public entity including but

25  not limited to Federal and State Constitutional Law, CA Penal Code, CA Government Code, and

26
                                        5
                    NOTICE OF GOVERNMENT CLAIM PURSUANT
                    TO GOVERNMENT CODE SECTION 910

42 U.S.C. §1983.

    i.    RESPONDENTS, and each of them, intentionally and unlawfully, by means of force, excessive force, deadly force, duress, menace, threats, and use of official authority, restrained, detained, arrested, and/or utilized excessive and deadly force upon DECEDENT without necessity or justification. DECEDENT was restrained, detained, arrested, and confined for an appreciable amount of time, tased and shot multiple times against his will, proximately causing the death of DECEDENT and subsequent damages to Claimants.

    4.    GENERAL DESCRIPTION OF THE INDEBTEDNESS OBLIGATION, INJURY, DAMAGE OR LOSS AS FAR AS KNOWN AT TIME OF PRESENTATION;

    a.    As to Claimants and DECEDENT, damages include, but are not limited to the following:

    1.    Wrongful Death of Jesse Garcia;

    2.    Survival Action;

    3.    Violation of Civil Rights;

    4.    Personal Injuries;

    5.    Emotional Distress;

    6.    General Damages;

    7.    Special Damages;

    8.    Economic Damages;

    9.    Non-Economic Damages;

    10.    Punitive Damages; and

    11.    Attorney fees and costs.

6

NOTICE OF GOVERNMENT CLAIM PURSUANT
TO GOVERNMENT CODE SECTION 910

1      5.     NAME OR NAMES OF PUBLIC EMPLOYEES CAUSING THE INJURY OR

2   LOSS, IF KNOWN:

3      RESPONDENTS; and DOE EMPLOYEES 1 through 50, inclusive.

4      6.     AMOUNT CLAIMED AS OF DATE OF PRESENTATION OF CLAIM:

5

6      Amount claimed exceeds $10,000.00. This is not a limited civil case. Jurisdiction is in

7   the Tulare County Superior Court.

8

9

10   Dated: May $\underline{30}$, 2023               LAW OFFICE OF DEREK P. WISEHART

11

12                                  Derek P. Wischart, Attorney

13                                  for Claimants.

14

15

16

17

18

19

20

21

22

23

24

25

26                                  7

NOTICE OF GOVERNMENT CLAIM PURSUANT
TO GOVERNMENT CODE SECTION 910

1                                    **PROOF OF SERVICE**

2

    STATE OF CALIFORNIA, COUNTY OF TULARE
3

    I am a citizen of the United States and a resident of the County aforesaid; I am over the
4   age of eighteen years, and not a party to the within action; my business address is 2330
    W. Main Street, Visalia, California   93291.
5

    On May 30 , 2023, I served the foregoing **LIABILITY CLAIM FORM** on all interested
6   parties, by placing a true copy thereof enclosed in a sealed envelope and addressed as
    follows:
7

    Clerk of the Board of Supervisors
8   2800 W. Burrel Ave.
    Visalia, CA 93291
9

10      **[ X ]      By Personal Service** - I delivered such envelope by hand to the
        addressee.

11      **[ ]      By Mail** - I deposited such envelope with the United States Postal Service,
        enclosed in a sealed envelope with postage thereon fully prepaid, in the United
12      States Mail at Visalia, California.  I am readily familiar with the business practice at
        my place of business for collection and processing of correspondence for mailing
13      with the United States Postal Service.  Correspondence so collected and processed
        is deposited with the United States Postal Service that same day in the ordinary
14      course of business.

15      **[ ]      By Express Service Carrier** - I deposited in a box or other facility
        regularly maintained by Federal Express, an express service carrier, or delivered to
16      a courier or driver authorized by said express service carrier to receive documents in
        an envelope designated by the said express carrier, with delivery fees paid or
17      provided for.

18      **[ ]      By Facsimile** - I transmitted from a facsimile transmission machine whose
        telephone number is 559/636-9476, the afore-described document(s), and a copy of
19      this declaration to the above interested parties at the listed facsimile transmission
        telephone number.
20

21      **[ ]      By Electronic Service:**  I sent the afore-described document(s) from
        email address dnorys@dwisehartlaw.com to the person(s) at the email addresses
22      listed above.  I did not receive within a reasonable time after transmission any
        electronic message or other indication that the transmission was unsuccessful.

23
     **X**  **(State)**     I declare under penalty of perjury under the laws of the State of
24   California that the foregoing is true and correct.

25

26

1    _____ **(Federal)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

2

3        Executed on May **30**, 2023, at Visalia, California.

4                                                  Derek P. Wisehart, Esq.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CITY OF TULARE**
**CLAIM FORM**

HUMAN RESOURCES

MAY 3 0 2023

RECEIVED

Return completed form to: Risk Management
City of Tulare
411 E. Kern Avenue
Tulare, CA 93274
(559) 684-4202



(Please Type Or Print)

CLAIM AGAINST City of Tulare; Tulare Police Department; DOE Employees 1-50
(Name of Entity) Estate of Jesse Garcia; Amy Smith oBO Jryden G., a minor;
Claimant's name: Jesse Garcia (Father); Monica Garcia (Mother)

SS#:_____ DOB:_____ Gender: Male_____ Female_____

Claimant's address: 2330 W. Main St., Visalia CA 93291 Telephone: (559) 636-9473

Address where notices about claim are to be sent, if different from above: _____

2330 W. Main St., Visalia, CA 93291

Date of incident/accident: 12/1/22

Date injuries, damages, or losses were discovered: 12/1/22

Location of incident/accident: At or near W. Cartmill Ave. and N. West St., City of Tulare, County of Tulare, State of California
What did entity or employee do to cause this loss, damage, or injury? Stopped, detained, tased, shot and Killed decedent, Jesse Garcia in violation of his civil rights causing personal
(Use back of this form or separate sheet if necessary to answer this question in detail.) injuries and death *

What are the names of the entity's employees who caused this injury, damage, or loss (if known)? City of Tulare; Tulare Police Department and DOE Employees; Tulare County Sheriff's Department and DOE Employees
What specific injuries, damages, or losses did claimant receive? Personal Injuries, Death, Survival Action *
(Use back of this form or separate sheet if necessary to answer this question in detail.)

What amount of money is claimant seeking or, if the amount is in excess of $10,000, which is the appropriate court of jurisdiction. Note: If Superior and Municipal Courts are consolidated, you must represent whether it is a "limited civil case" [see Government Code 910(f)].
This is an unlimited civil case exceeding $10,000.

How was this amount calculated (please itemize)? Wrongful death of Decedent, Jesse Garcia in violation of his civil rights *
(Use back of this form or separate sheet if necessary to answer this question in detail.)

Date Signed: 5/30/23    Signature: _____

If signed by representative:

Representative's Name Derek P. Wisehart Address 2330 W. Main St., Visalia, CA 93291

Telephone # (559) 636-9473

Relationship to Claimant Attorney

* See attached Notice of Government Claim.

## DIAGRAMS



General Diagram

N/A

↑
North

Street Incidents

↑
North

1  Derek P. Wisehart, Esq. #178100
   LAW OFFICES OF DEREK P. WISEHART
2  2330 W. Main Street
3  Visalia, CA 93291
   Telephone: (559) 636-9473
4  Fax: (559) 636-9476

5  John K. Jackson, Esq. #172544
   LAW OFFICES OF JOHN K. JACKSON
6  900 W. Main Street
7  Visalia, CA 93291
   Telephone: (559) 713-1000
8  Fax: (559) 713-1422

9

10 Attorneys for Claimants,
   ESTATE OF JESSE GARCIA, AMY SMITH, obo JRYDEN G., a minor,
11 JESSE GARCIA, and MONICA GARCIA

12

13 In Re the Claim of:                    )    Case No:
                                          )
14                                        )
                                          )    **NOTICE OF GOVERNMENT**
15 ESTATE OF JESSE GARCIA;                )    **CLAIM PURSUANT TO**
   AMY SMITH, obo JRYDEN G., a minor;     )    **GOVERNMENT CODE SECTION**
16 JESSE GARCIA; and,                     )    **910**
17 MONICA GARCIA;                         )
                                          )    **WRONGFUL DEATH/**
18            Claimants.                  )    **SURVIVAL ACTION**
                                          )
19 _____       )

20

21     TO: CITY OF TULARE; TULARE POLICE DEPARTMENT; TULARE POLICE

22 DEPARTMENT CHIEF OF POLICE; COUNTY OF TULARE; TULARE COUNTY

23 SHERIFF'S OFFICE; TULARE COUNTY SHERIFF; DOE EMPLOYEES 1-50 INCLUSIVE;

24 AND DOES 51-100, INCLUSIVE, hereinafter referred to collectively as "RESPONDENTS".

25     Claimants hereby make a claim against RESPONDENTS in an amount exceeding

26

                                    1
                    NOTICE OF GOVERNMENT CLAIM PURSUANT
                     TO GOVERNMENT CODE SECTION 910

1    $10,000.00 according to proof and makes the following statements in support of this claim.

2       1.      THE NAME AND POST OFFICE ADDRESS OF THE CLAIMANT(S):

3
            ESTATE OF JESSE GARCIA
4           AMY SMITH obo JRYDEN G., a minor;
            JESSE GARCIA (Decedent's Father)
5           MONICA GARCIA (Decedent's Mother).
            c/o
6           Derek P. Wisehart, Esq.
7           LAW OFFICES OF DEREK P. WISEHART
            2330 W. Main Street
8           Visalia, CA 93291

9       2.      THE POST OFFICE ADDRESS TO WHICH THE PERSON PRESENTING

10   THE CLAIM DESIRES NOTICE TO BE SENT:

11
            Derek P. Wisehart, Esq.
12          LAW OFFICES OF DEREK P. WISEHART
            2330 W. Main Street
13          Visalia, CA 93291

14
        3.      THE DATE, PLACE AND OTHER CIRCUMSTANCES OF THE
15
     OCCURRENCE OR TRANSACTION WHICH GAVE RISE TO THE CLAIM ASSERTED:
16
17      a.      On or about December 1, 2022 at or near the intersection of W. Cartmill Avenue

18   and N. West Street, in the City and County of Tulare, decedent JESSE GARCIA (hereinafter

19   referred to as "DECEDENT") was parked in a pickup truck in or near an orchard when he was

20   stopped, detained, tased, shot multiple times, and killed by RESPONDENTS.

21       After first being incapacitated by a Taser while sitting in his truck, DECEDENT was then

22   immediately and repeatedly shot at close range an unknown number of times by an unknown

23   number of RESPONDENT Police Officers and Sheriff's Deputies, one or more of which

24   repeatedly shot DECEDENT to the extent that such RESPONDENT shot/emptied his or her

25

26
                                    2
                    NOTICE OF GOVERNMENT CLAIM PURSUANT
                    TO GOVERNMENT CODE SECTION 910

1   entire clip of bullets until there were no more rounds left in the gun to shoot.  Indeed, Claimants

2   are informed and believe that RESPONDENTS, collectively, fired possibly as many as several

3   dozen rounds of bullets at DECEDENT, all after DECEDENT had been incapacitated by the

4   application of a Taser.

5

6         b.      In doing the acts as alleged above, RESPONDENTS intended to cause or place

7   DECEDENT in apprehension of a harmful or an offensive contact with his person. At no time

8   did DECEDENT consent to any of the acts of RESPONDENTS alleged above.  As a proximate

9   result of the acts of RESPONDENTS as alleged, DECEDENT and Claimants were hurt and

10   injured in their health, strength, and activity sustaining injury to their nervous system and person,

11   all of which have caused, them mental, physical, and nervous pain and suffering, and wrongful

12   death damages.  As a result of these injuries, they have suffered general damages, special

13   damages, and wrongful death damages.  As a further proximate result of the acts of

14   RESPONDENTS, DECEDENT and Claimants have incurred unknown, medical, funeral, and

15   related expenses.  The full amount of these expenses is not known at this time.  The

16   aforementioned conduct of RESPONDENTS was willful and malicious and was intended to

17   oppress and cause injury and death to DECEDENT and subsequent damages to Claimants.

18

19         c.      In doing the acts as alleged above, RESPONDENTS acted with the intent to, and

20   did in fact make offensive physical contact with DECEDENT'S person. At no time did

21   DECEDENT consent to any of the acts of RESPONDENTS alleged above.  As a proximate

22   result of the acts of RESPONDENTS as alleged, DECEDENT and Claimants have been hurt and

23   injured in their health, strength, and activity sustaining injury to their nervous system and person,

24   all of which have caused, them mental, physical and nervous pain and suffering and wrongful

25

26

                                3

1   death damages. As a result of these injuries and wrongful death, DECEDENT and Claimants

2   have suffered damages. As a further proximate result of the acts of RESPONDENTS,

3   DECEDENT and Claimants have incurred, medical, funeral and related expenses. The full

4   amount of these expenses is not known at this time. The aforementioned conduct of

5   RESPONDENTS was willful and malicious and was intended to oppress and cause injury to

6

7   DECEDENT and subsequent damages to Claimants.

8        d.    In doing the acts as alleged above RESPONDENTS engaged in outrageous

9   conduct as set forth herein. RESPONDENTS' conduct was intentional and malicious and done

10  for the purpose of causing DECEDENT to suffer humiliation, mental anguish, fear for his life,

11  and emotional and physical distress. RESPONDENTS' conduct was done with knowledge that

12  DECEDENT'S emotional and physical distress would thereby increase, and was done with a

13

14  willful, wanton, and reckless disregard of the consequences to DECEDENT and Claimants. As

15  the proximate result of the acts alleged above, DECEDENT suffered humiliation, mental

16  anguish, and emotional and physical distress, and death. The aforementioned conduct of

17  RESPONDENTS was willful and malicious and was intended to oppress and cause injury to

18  DECEDENT and subsequent damages to Claimants.

19

20       e.    In doing the acts as alleged above RESPONDENTS violated the civil rights of

21  DECEDENT in that RESPONDENTS intentionally violated DECEDENT'S Fourth Amendment

22  rights employing unreasonable and excessive force under the circumstances. RESPONDENTS

23  were at all times herein mentioned acting under color of state law and were acting and/or

24  purporting to act in the performance of their official duties. As a proximate result of

25  RESPONDENTS' actions DECEDENT and Claimants have suffered personal injuries, damages,

26

4

NOTICE OF GOVERNMENT CLAIM PURSUANT
TO GOVERNMENT CODE SECTION 910

1   and wrongful death damages as stated herein.  In acting as alleged above RESPONDENTS acted

2   knowingly, willfully and maliciously, and with reckless and callous disregard for DECEDENT'S

3   State and federally protected rights.

4       f.      In doing the acts as alleged above RESPONDENTS are presumed Negligent Per

5   Se in that they violated 42 U.S.C. Section 1983 and that this violation was a substantial factor in

6   bringing about the harm, personal injuries, damages, and wrongful death damages suffered by

7   DECEDENT and Claimants.

8

9       g.      In doing the acts as alleged above RESPONDENTS were negligent in that

10  RESPONDENTS had a legal duty to conform to a standard of conduct to protect DECEDENT of

11  which RESPONDENTS failed to do.  RESPONDENTS' failure was the proximate cause of the

12  resulting personal injuries, damages, and wrongful death suffered by DECEDENT.

13

14      h.      CITY OF TULARE, TULARE POLICE DEPARTMENT, TULARE POLICE

15  DEPARTMENT CHIEF OF POLICE, COUNTY OF TULARE, TULARE COUNTY SHERIFF,

16  DOE EMPLOYEES 1-50, and each of them, negligently and intentionally failed to hire, instruct,

17  supervise, control, discipline and/or train its employees and agents, including but not limited to

18  Police canine dog and/or Sheriff's canine dog, DOE EMPLOYEES, and DOES.  Additionally,

19  RESPONDENTS failed to adequately provide, administer and monitor procedures regarding

20  detentions, arrests, reporting, searches and seizures, of suspects and witnesses, and use of

21  Taser's, use of weapons, use of firearms, use of force and/or use of deadly force.

22  RESPONDENTS failed to conduct a reasonable and adequate investigation into this matter.

23  RESPONDENTS have violated a statute, ordinance, or regulation of a public entity including but

24  not limited to Federal and State Constitutional Law, CA Penal Code, CA Government Code, and

25

26                          5

NOTICE OF GOVERNMENT CLAIM PURSUANT
TO GOVERNMENT CODE SECTION 910

1    42 U.S.C. §1983.

2      i.     RESPONDENTS, and each of them, intentionally and unlawfully, by means of

3 force, excessive force, deadly force, duress, menace, threats, and use of official authority,

4

5 restrained, detained, arrested, and/or utilized excessive and deadly force upon DECEDENT

6 without necessity or justification.  DECEDENT was restrained, detained, arrested, and confined

7 for an appreciable amount of time, tased and shot multiple times against his will, proximately

8 causing the death of DECEDENT and subsequent damages to Claimants.

9      4.     GENERAL DESCRIPTION OF THE INDEBTEDNESS OBLIGATION,

10 INJURY, DAMAGE OR LOSS AS FAR AS KNOWN AT TIME OF PRESENTATION;

11

12         a.     As to Claimants and DECEDENT, damages include, but are not limited to

13 the following:

14         1.      Wrongful Death of Jesse Garcia;

15         2.      Survival Action;

16         3.      Violation of Civil Rights;

17         4.      Personal Injuries;

18

19         5.      Emotional Distress;

20         6.      General Damages;

21         7.      Special Damages;

22         8.      Economic Damages;

23         9.      Non-Economic Damages;

24         10.     Punitive Damages; and

25         11.     Attorney fees and costs.

26

6

NOTICE OF GOVERNMENT CLAIM PURSUANT
TO GOVERNMENT CODE SECTION 910

1      5.    NAME OR NAMES OF PUBLIC EMPLOYEES CAUSING THE INJURY OR

2    LOSS, IF KNOWN:

3        RESPONDENTS; and DOE EMPLOYEES 1 through 50, inclusive.

4      6.    AMOUNT CLAIMED AS OF DATE OF PRESENTATION OF CLAIM:

5        Amount claimed exceeds $10,000.00. This is not a limited civil case. Jurisdiction is in

6

7    the Tulare County Superior Court.

8

9

10   Dated: May 30 , 2023            LAW OFFICE OF DEREK P. WISEHART

11

12                                   Derek P. Wisehart, Attorney

13                                   for Claimants.

14

15

16

17

18

19

20

21

22

23

24

25

26                               7

1          **PROOF OF SERVICE**

2

   STATE OF CALIFORNIA, COUNTY OF TULARE
3

   I am a citizen of the United States and a resident of the County aforesaid; I am over the
4  age of eighteen years, and not a party to the within action; my business address is 2330
   W. Main Street, Visalia, California  93291.
5

   On May 30 , 2023, I served the foregoing **CITY OF TULARE CLAIM FORM** on all
6  interested parties, by placing a true copy thereof enclosed in a sealed envelope and
   addressed as follows:
7

   Risk Management
8  City of Tulare
   411 E. Kern Ave.
9  Tulare, CA 93274

10      **[ X ]      By Personal Service** - I delivered such envelope by hand to the
        addressee.
11

        **[   ]      By Mail** - I deposited such envelope with the United States Postal Service,
12      enclosed in a sealed envelope with postage thereon fully prepaid, in the United
        States Mail at Visalia, California. I am readily familiar with the business practice at
13      my place of business for collection and processing of correspondence for mailing
        with the United States Postal Service.  Correspondence so collected and processed
14      is deposited with the United States Postal Service that same day in the ordinary
        course of business.
15

        **[   ]      By Express Service Carrier** - I deposited in a box or other facility
16      regularly maintained by Federal Express, an express service carrier, or delivered to
        a courier or driver authorized by said express service carrier to receive documents in
17      an envelope designated by the said express carrier, with delivery fees paid or
        provided for.
18

        **[   ]      By Facsimile** - I transmitted from a facsimile transmission machine whose
19      telephone number is 559/636-9476, the afore-described document(s), and a copy of
        this declaration to the above interested parties at the listed facsimile transmission
20      telephone number.

21
        **[   ]      By Electronic Service:**  I sent the afore-described document(s) from
22      email address dnorys@dwisehartlaw.com to the person(s) at the email addresses
        listed above.  I did not receive within a reasonable time after transmission any
23      electronic message or other indication that the transmission was unsuccessful.

24

25

26

1    **X** **(State)**      I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

2    ____ **(Federal)** I declare that I am employed in the office of a member of the Bar of

3    this Court at whose direction the service was made.

4            Executed on May **30** , 2023, at Visalia, California.

5

6                                              Derek P. Wisehart, Esq.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26





## NOTICE OF REJECTION OF CLAIM

CLAIMANT:  Estate of Jesse Garcia; Amy Smith obo Jryden G., a minor; Jesse Garcia
(Father); Monica Garcia (Mother) , FR 100720

ADDRESS:  c/o  Derek P. Wisehart, Attorney
2330 W. Main Street
Visalia, CA  93291

**NOTICE IS HEREBY GIVEN** that the Claim which you presented to City of Tulare
on May 30, 2023 was rejected on June 20, 2023.

### WARNING

Subject to certain exceptions, you have six (6) months from the date this Notice of
Rejection of Claim was personally delivered or deposited in the mail to file a court action
on this Claim. (See Government Code Section 945.6.)

You may seek the advice of an attorney of your choice in connection with this matter.  If
you desire to consult an attorney, you should do so immediately.

This Notice of Rejection of Claim applies only to claims under state law and shall not
extend any time limits as may be imposed upon the claimant(s) for pursuit of the
claimant(s)' rights under federal laws, statutes, other sources of rights of recovery in favor
of claimant(s).

Please also be advised that pursuant to Sections 128.5 et seq. and 1038 of the California
Code of Civil Procedure, the City of Tulare will seek to recover all costs of defense in the
event a legal action is filed in the matter and it is determined that the action was not filed
in good faith and with reasonable cause, or as otherwise determined to justify the
imposition of attorney's fees and costs of suit pursuant to such sections, as well as any
other sections or laws inuring to the benefit of the City of Tulare, its officers, officials,
employees, agents, or representatives.

### PROOF OF SERVICE

On June 21, 2023, I served the within NOTICE OF REJECTION OF CLAIM on the
claimant by placing a true copy thereof enclosed in a sealed envelope in the outgoing
mail addressed as requested by the claimant.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in
Tulare, California, on June 21, 2023.

Melissa Hermann

Chief Deputy City Clerk

**COUNTY OF TULARE**
**OFFICE OF THE COUNTY COUNSEL RISK MANAGEMENT**



**County Counsel**
Jennifer M. Flores

**Risk Manager**
Susan L. Cox

**Deputy Risk Managers**
Rob Anderson
Nancy Chavira

June 27, 2023

Derek P. Wisehart, Esq.
Law Offices of Derek P. Wisehart
2330 W. Main Street
Visalia, CA 93291

RE: Estate of Jesse Garcia, Amy Smith obo Jryden G., a minor, Jesse Garcia, and Monica Garcia claims against the County received by the Clerk of the Board on May 30, 2023.

Dear Mr. Wisehart:

Please be advised that your claim has been formally rejected. Enclosed you will find the Notice of Rejection of Claim. Should you have any questions or wish to correspond, please contact me directly.

Respectfully,

Elisa Alanis
Risk Management Analyst

Enclosure: Notice of Rejection of Claim

EA/6/27/2023/RISK-2023368/1996726

Garcia, Jesse, et al. v. County of Tulare
June 27, 2023
Page 2 of 3

# COUNTY OF TULARE
## NOTICE OF REJECTION OF CLAIM

Notice is hereby given that the Claim which you presented to Tulare County Board of Supervisors on May 30, 2023, was rejected on June 27, 2023.

## WARNING

Subject to certain exceptions, you have six (6) months from the date of this notice of rejection or partial rejection was personally delivered or deposited in the mail to file a court action on this Claim. (See Government Code, section 945.6).

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

This Notice of Rejection of Claim applies only to claims under state law and shall not extend any time limits as may be imposed upon the claimant(s) for pursuit of the claimant(s)' rights under federal laws, statutes, or other sources of rights of recovery in favor of claimant(s).

Please also be advised that pursuant to Section 128.5 et seq. and 1038 of the California Code of Civil Procedure, the County of Tulare will seek to recover all costs of defense in the event a legal action is filed on the matter and it is determined that the action was not filed in good faith and with reasonable cause.

Garcia, Jesse, et al. v. County of Tulare
June 27, 2023
Page 3 of 3

## PROOF OF SERVICE

STATE OF CALIFORNIA   )
                                ) ss.

COUNTY OF TULARE     )

       I am employed in the County of Tulare, State of California.  I am over the age of eighteen (18) years and not a party to this action; and, my business address is 2900 W. Burrel Ave., Visalia, CA 93291.

       On this date, I served the following documents: **Notice of Rejection** on the parties to this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Derek P. Wisehart, Esq.
Law Offices of Derek P. Wisehart
2330 W. Main Street
Visalia, CA 93291

☒   **(BY MAIL)** I am "readily familiar" with The County of Tulare's practice of collection and processing correspondence by mailing.  Under that practice, mail is deposited with the U.S. Postal Service on the same day with postage fully prepaid at Visalia, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **(BY TELECOPIER)** With the addressee(s)' consent and agreement, I caused such document to be delivered by telecopy transmission to the addressee(s).

☐   **(BY PERSONAL DELIVERY)** I caused such envelope to be delivered by hand to the addressee(s).

☐   **(BY FEDERAL EXPRESS OR UPS NEXT DAY SERVICE)** I caused such envelope to be delivered to Federal Express or UPS with a fully prepaid airbill/invoice for next business day delivery to the addressee(s).

Executed on June 27, 2023, at Visalia, CA.

Mandy Garza

cc: Claim File