# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JRYDEN LUKE FARRELL GARCIA , ET AL. ,** | Case No.:  **1:23–CV–01728–JLT–SAB** |
| Plaintiff(s), | |
| v. | **STANDING ORDER** |
| **COUNTY OF TULARE , ET AL. ,** | |
| Defendant(s). | |

1.    <u>LAW AND MOTION</u>

   A.    <u>Calendar</u>

Civil motions may be set any day at 9:00 a.m. in Courtroom 4, located on the seventh floor. It is not necessary to clear a date prior to scheduling a civil motion.  The parties are required to comply with Local Rule 230 and all other applicable rules and notice requirements.

Due to the ongoing lack of judicial resources and until further notice, the parties should expect that all civil motions will be submitted for decision on the papers without oral argument.  The parties are required to comply with Local Rule 230, or other applicable rules and notice requirements with respect to motions.  There may be occasions where the court will keep a motion hearing on calendar or re-set that motion for oral argument.  In those cases, the court will so inform the parties by minute order and will at that time provide logistical information.

/////

In addition to the motions already assigned to magistrate judges by Local Rule 302(c), the following motions shall be noticed for hearing before the assigned magistrate judge[1]:

1.    Motions seeking the appointment of a guardian ad litem.

2.    Motions for class certification and decertification pursuant to Federal Rule of Civil Procedure 23.

3.    Motions to approve minors' compromises.

The court will likely refer other motions to the assigned magistrate judge for the issuance of findings and recommendations by separate orders in particular cases.

**B.    Briefing**

Unless leave of Court is granted in advance, no moving or opposing briefs or legal memoranda in civil cases, shall exceed 25 pages[2].  Reply briefs may not exceed 10 pages.  Only for good cause shown will the court grant an application to extend these page limitations.  Briefs that exceed the page limitations or are sought to be filed without leave of court may not be considered.  Finally, no supplemental briefs may be filed without prior leave of court.

**C.    Meet and Confer Requirement**

Before filing a motion in a case in which the parties are represented by counsel, counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution.  Counsel should resolve minor procedural or other non-substantive matters during the meet and confer process so that briefing on motions that proceed to hearing are directed only to those substantive issues requiring resolution by the court.  **In the notice of motion, counsel for the moving party shall certify that meet and confer efforts have been exhausted and include a summary of meet and confer efforts.**

**2.    COURTESY COPIES**

Counsel shall deliver to the Clerk's Office clearly marked courtesy copies of all electronically filed documents that exceed 25 pages and conformed courtesy copies of all manually filed documents.

/////

---

[1]  Magistrate judges may resolve motions seeking the appointment of a *guardian ad litem* and any other nondispositive motion by way of order and any dispositive motion by issuing findings and recommendations.  *See* 28 U.S.C. § 636(b)(1)(A).

[2]  The parties shall use Times New Roman, 12 pt. Footnotes may be no smaller than 11 pt.

*See* Local Rule 133(f).  The parties need not provide courtesy copies of answers or shorter pleadings.

The sender shall notify any delivery service that the signature of the recipient is not required.

**3.**      **PROPOSED ORDERS**

The parties need not submit proposed orders for motions to dismiss or motions for summary

judgment unless the court specifically orders otherwise.  However, the parties must submit proposed

consent decrees and/or proposed findings of fact, where such documents are relevant.  Where required,

proposed orders shall be submitted in compliance with Local Rule 137(b) and e-mailed in Word format

to JLTorders@caed.uscourts.gov.

**4.**      **EX PARTE APPLICATION**

Typically, the court will not hear ex parte applications but will take them under submission for

decision on the papers unless otherwise notified.  The filer is required to contact the courtroom deputy

clerk and the opposing party *before* filing the ex parte application to advise that such request is being

made.  The application must indicate whether an opposition will be filed.  The filer shall include an

affidavit indicating a satisfactory explanation for the following: (1) the need for the issuance of such an

order, (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other

counsel or parties in the action, and (3) why such request cannot be noticed on the court's motion

calendar as provided by Local Rule 230.

**5.**      **TROs AND INJUNCTIONS**

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil

Procedure 65 and Local Rule 231.  The court typically will not rule on any application for such relief for

at least 24 hours after the party subject to the requested order has been served; such party may file

opposing or responding papers in the interim.  The parties shall lodge a courtesy copy with chambers

of all papers relating to proposed TROs and injunctions, conformed to reflect that they have been filed.

**6.**      **SEALING AND PROTECTIVE ORDERS**

No document will be sealed, nor may a redacted document be filed, without the prior approval

of the court.  All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140

(redaction); protective orders covering the discovery phase shall not govern the filing of sealed or

redacted documents on the public docket.  The court will only consider requests to seal or redact filed

by the proponent of sealing or redaction.  If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

**7.**    **FINAL PRETRIAL CONFERENCES**

The parties are required to submit a <u>joint</u> pretrial statement.  It must be filed seven days before final pretrial conference hearing date and e-mailed as a Word document to:

JLTorders@caed.uscourts.gov.

**8.**    **TELEPHONIC APPEARANCES**

Telephonic appearances are encouraged.  If any party wishes to appear by telephone, at least five court days in advance of the hearing, that party shall e-mail imunoz@caed.uscourts.gov to notify the court.  Thereafter, those appearing telephonically shall call (888) 557–8511 and enter access code 1652736 at least five minutes before the noticed hearing time.

**9.**    **PARTIES DIRECTED TO CONSIDER CONSENT**

The judges of the United States District Court for the Eastern District of California have long labored under one of the heaviest caseloads in the nation even when operating with a full complement of six authorized District Judges–which it has not had in years.  Thus, the parties in all civil cases are reminded of their option to consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). The magistrate judges of this court are highly skilled, experienced trial judges.  Moreover, because magistrate judges cannot preside over felony criminal trials, trial dates in civil cases can be set before the assigned magistrate judge with the expectation that the trial will commence on the date scheduled.

**10.**    **NOTICE OF THIS ORDER**

Counsel for plaintiff shall serve this order immediately on all parties, including any new parties added to the action in the future, unless this case came to the court by noticed removal, in which case defendant shall serve this order on all other parties.

**IT IS SO ORDERED.**

DATED:   April 8, 2024

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

4